# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PERRY BURNS,**<br><br>    Movant,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>    Respondent. | No. 2:12-cv-03089 (WJM)<br><br>&<br><br>No. 2:08-cr-00701-4 (WJM) |
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**PERRY BURNS,**<br><br>    Defendant. | **MEMORANDUM ORDER** |

   **THIS MATTER** comes before the Court on Perry Burns's motion for recusal asking this District Judge to recuse himself from deciding Defendant's pending application for post-conviction relief filed pursuant to 28 U.S.C. § 2255. Defendant also moves to proceed *in forma pauperis*. The Court denies Defendant's motion for recusal and grants Defendant's motion to proceed *in forma pauperis*.

   Defendant argues that I must recuse myself pursuant to 28 U.S.C. § 455 for two reasons: (1) because of a comment I made regarding a possible Federal Rule of Criminal Procedure 29 motion for acquittal; and (2) because review of the 2255 petition would require me to review my own jury instructions. On review, neither reason provided by Defendant establishes a basis for recusal.

   Under 28 U.S.C. § 455, a judge should recuse himself if his impartiality might reasonably be questioned or he has a personal bias or prejudice against the litigant. "The test for recusal is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (citation omitted). The appearance of impartiality is sufficient. *Id.*

Sometime after he was found guilty – his moving papers provide no citation to the record – Defendant alleges that his counsel argued that Defendant should remain free on bail pending sentencing because Defendant planned to file a Rule 29 motion and there was a substantial likelihood that the Court would grant it. Defendant claims the Court made the following comment:

> I don't know where you get the idea that there's a substantial likelihood that a motion for acquittal as to your client is going to be granted by this Court, or any court. I mean, I know that – if you're just parroting the language of the statute to try to pigeonhole your argument into that, you can. I can't stop you. But I can tell you almost assuredly that as to your client there's little or no chance that a judgment of acquittal will be entered. I heard the tapes as to your client. He was clearly dealing in kilos of narcotics with Mr. Cintron. And your argument was made. I don't know why you went to trial. You know, that's a decision your client's made. But, you know, quite frankly, in view of those tapes with your client, in particular, your argument was that there was another conspiracy doesn't fly. I'm not going – I can almost assuredly tell you – I'll let you filed whatever motion you want. But since you raised it as part of the argument for release, I'm responding to it. I can't imagine that I would conclude that there's a basis for a motion for acquittal, judgment of acquittal, here from what I heard as to your client on those tapes.

This comment does not show the kind of bias or personal interest that Section 455 seeks to avoid. This excerpt illustrates nothing more than the Court's ruling that Defendant was not substantially likely to succeed on his Rule 29 motion, which came in response to an argument by defense counsel.

Nor does the mere fact that a judge might be required to review his own prior rulings regarding jury instructions compel recusal. Indeed, petitions for post-conviction relief frequently require such review because the statute requires that any such motion must be made before "the court which imposed the sentence". 28 U.S.C. § 2255(a). And some motions, such as motions for reconsideration made pursuant to Federal Rule of Civil Procedure 59(e), almost necessarily require a court to review its own rulings. If the mere fact of such review were a sufficient basis for finding impartiality, then nearly every court construing a Section 2255 petition – or even a Rule 59(e) motion – would be compelled to recuse. The Court does not believe that Congress intended such a result in draft Section 455 nor does it find support for it in the case law.

For the foregoing reasons, **IT IS** on this 9th day of August 2012, hereby,

**ORDERED** that Defendant's motion to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for recusal is **DENIED.**

                                               /s/ William J. Martini
                                  **WILLIAM J. MARTINI, U.S.D.J.**